OPINION
{¶ 1} Defendant-appellant, Kareem Randolph, appeals the decision of the Butler County Court of Common Pleas to impose a prison sentence for his felony drug charges after he received community control sanctions on separate drug counts.
 {¶ 2} Appellant pled guilty to four charges and was sentenced to community control sanctions for one felony count of possession of cocaine and one felony count of trafficking in cocaine. Appellant was sentenced to six months in prison on another felony possession of cocaine charge, and sentenced to six months in jail, to run concurrent with the prison term, for a misdemeanor count of attempted trafficking in cocaine.
 {¶ 3} Appellant appeals his sentence, presenting the following assignment of error:
 {¶ 4} "The court erred in imposing a term of incarceration[.]"
 {¶ 5} Appellant argues that the trial court erred when it imposed a prison term after finding appellant amenable to community control sanctions on two other counts.
 {¶ 6} The trial court in the instant case reviewed the factors to determine whether to impose a prison sentence under R.C. 2929.13(B) and found none applicable to appellant. When the trial court finds no imprisonment factors, the trial court then reviews whether community control is consistent with the purposes and principles of felony sentencing by considering the serious and recidivism factors enumerated in R.C. 2929.12. State v.Beckman, Butler App. No. CA2003-02-033, 2003-Ohio-5003, at ¶ 12; R.C. 2929.13(B)(2)(b).
 {¶ 7} If the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, the trial court retains its broad discretion to impose a prison sentence. Id. R.C. 2929.13(A); see, also, State v. Brown,146 Ohio App.3d 654, 2001-Ohio-4266, at ¶ 16.
 {¶ 8} R.C. 2929.13(A) indicates that a trial court imposing a sentence may impose any sanction or combination of sanctions provided in sections 2929.14 to 2929.18.
 {¶ 9} R.C. 2929.13(A) provides a trial court with discretion to find community control sanctions appropriate for one offense, while finding a prison term would be appropriate for a separate offense. State v. Molina, Cuyahoga App. No. 83166, 2004-Ohio-1110, at ¶ 10; State v. Aitkens, Cuyahoga App. Nos. 79851, 79929, 2002-Ohio-1080; State v. Meredith, Athens App. No. 02CA5, 2002-Ohio-4508, at ¶ 13 (there is nothing in R.C. Chapter 2929 that prohibits a "blended sentence," or a combination of sanctions for separate offenses).
 {¶ 10} The trial court indicated at the sentencing hearing that it considered appellant's drug charges to be serious offenses, that appellant's history of criminal convictions indicated an increased risk of recidivism, that appellant had a demonstrated pattern of drug and alcohol-related offenses and, noted that he had refused substance abuse treatment.
 {¶ 11} In imposing a prison sentence, the trial court specifically found that appellant was not amenable to community control sanctions when appellant engaged in a "continuing course of conduct" when he committed the offense.
 {¶ 12} After reviewing the record before us, we find that the trial court did not err in imposing a prison term after imposing community control sanctions for separate charges. R.C. 2953.08; R.C. 2929.11; R.C. 2929.12; R.C. 2929.13; R.C. 2929.14.
Judgment affirmed.
Young, P.J., and Walsh, J., concur.