DECISION AND JUDGMENT ENTRY
{¶ 1} Michael Ramsey appeals his blended sentence from the Wood County Court of Common Pleas. Because we conclude that the trial court has the discretion to find community control sanctions appropriate for one offense and a prison term appropriate for another offense, we affirm.
 {¶ 2} Ramsey was indicted on September 6, 2001 for two fifth degree felonies — theft, a violation of R.C. 2913.02(A)(1) and forgery, a violation of R.C. 2913.31(A)(2). Ultimately, he pled guilty to these charges on October 25, 2001; however, he fled before sentencing. Over two years later, Ramsey was apprehended on his warrant for failing to appear at his sentencing hearing. He was sentenced to prison for eight months on his theft conviction and to community control for three years on his forgery conviction. He now appeals and raises a sole assignment of error: "The imposition of a blended sentence of both community control and prison was contrary to law."
 {¶ 3} An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus. We are not to substitute our judgment for that of the trial court nor defer to the trial court's discretion.State v. Altalla, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7. See also, R.C. 2953.08(G)(2). The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statements. R.C. 2953.08(F)(1)-(3). See also, State v. Boshko (2000),139 Ohio App.3d 827, 835.
 {¶ 4} R.C. 2929.13(A) states, in pertinent part, "a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." This code section has been applied to mean a blended sentence is possible. "R.C. 2929.13(A) provides a trial court with discretion to find community control sanctions appropriate for one offense, while finding a prison term would be appropriate for a separate offense." State v. Randolph, 12th Dist. No. CA2003-10-262, 2004-Ohio-3350, at ¶ 9. A blended sentence of this type is proper when it is imposed to be served consecutively. State v. Kinder,
5th Dist. No. 03CAA12075, 2004-Ohio-4340, at ¶ 31; State v.Molina, 8th Dist. No. 83166, 2004-Ohio-1110, at ¶ 10. Such a sentence is not inconsistent with R.C. 2929.13(B)(2), which provides guidance to the sentencing court for the choice of prison or control sanctions for a fourth or fifth degree felony.State v. Aitkens, 8th Dist. Nos. 79851 79929, 2002-Ohio-1080. Nothing in the sentencing guidelines appears to prohibit this type of blended sentence. State v. Meredith, 4th Dist. No. 02CA5, 2002-Ohio-4508, at ¶ 13. Accord, State v. Gray (June 30, 2000), 2d Dist. No. 99-CA-103.
 {¶ 5} Ramsey mistakenly argues that there is a conflict between appellate courts in Ohio concerning blended sentencing. A trial court may not sentence an offender to serve both a prison term and a community control sanction for a single offense. See generally, State v. Sutherlin, 154 Ohio App.3d 765,2003-Ohio-5265; State v. Kinsey, 7th Dist. No. 826, 2001-Ohio-3272; State v. Smith (Sept. 17, 1999), 1st Dist. No. C-980887; State v. Griffin (1998), 131 Ohio App.3d 696; andState v. Riley (Nov. 12, 1998), 3d Dist. No. 14-98-38. That is not his situation.
 {¶ 6} Ramsey was sentenced to prison for theft and to community control sanctions for forgery. Although both offenses are felonies of the fifth degree, they are separate offenses. The trial court satisfied all the requirements at the sentencing hearing for each offense.
 {¶ 7} Finding that Ramsey's blended sentence was not contrary to law, we find appellant's sole assignment of error is found not well-taken. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal specified under App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J., Concur.