OPINION
{¶ 1} Defendant-appellant Rick L. Hughett appeals the June 22, 2004 Judgment Entry on Sentence entered by the Delaware County Court of Common Pleas. Plaintiffappellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On August 21, 2003, the Delaware County Grand Jury indicted appellant on three counts of theft, in violation of R.C.2913.02, and two counts of forgery, in violation of R.C. 2913.31. Appellant entered pleas of not guilty to the charges set forth in the indictment at his arraignment on January 20, 2004. Pursuant to Crim. R. 11(F) negotiations, appellant withdrew his former plea of not guilty and plead guilty to the three counts of theft. The State dismissed the two counts of forgery. The trial court accepted appellant's guilty plea and referred him to the Adult Parole Authority for purposes of a pre-sentence investigation.
 {¶ 3} The trial court conducted a sentencing hearing on June 10, 2004. The trial court sentenced appellant to a prison term of twelve months on counts one and three of the indictment. The trial court ordered the terms be served concurrent to each other, but consecutive to the sentence imposed in a robbery conviction in Franklin County, Ohio. With respect to count two, the trial court imposed community control sanctions for a period not to exceed five years, commencing upon his release from prison. The trial court memorialized the sentence via Judgment Entry on Sentence filed June 22, 2004.
 {¶ 4} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 5} "I. The trial court erred by sentencing the appellant to the maximum prison term on counts one and three.
 {¶ 6} "II. The trial court committed reversible error in sentencing the defendant to a prison term for a fifth degree felony.
 {¶ 7} "III. The trial court erred by sentencing the appellant to consecutive sentences.
 {¶ 8} "IV. The trial court erred by sentencing Mr. Hughett to a non-minimum prison term based on facts not found by the jury or admitted by Mr. Hughett."
 II. {¶ 9} Each of appellant's assignments of error center upon the findings made by the trial court. We shall address appellant's Second Assignment of Error first because it involves the propriety of sentencing the appellant to a term of imprisonment for a felony of the fifth degree.
 {¶ 10} Appellant argues that the court erred in sentencing him to prison on counts one and three of the Indictment, effectively finding him not amenable to community control sanctions but then, during the same hearing, effectively finding him amenable to community control sanctions on count two of the Indictment. Appellant argues that these are inconsistent and that he either is or is not amenable to community control sanctions. The state counters that the sentencing guidelines do not expressly prohibit the combination of a prison term and community control sanctions.
 {¶ 11} This court has previously held that R.C. 2929.13(A) allows for a blended sentence of imprisonment and community control sanctions. State v. Kinder, 5th Dist. 03CAA12075,2004-Ohio-4340 at ¶ 31. See, also, State v. Randolph, 12 Dist. No. CA2003-10-262, 2004-Ohio-3350, State v. Ramsey, 6th Dist. No. WD-04-004, 2004-Ohio-5677.
 {¶ 12} Appellant's second assignment of error is overruled.
 I. {¶ 13} In his first assignment of error, appellant argues that trial court erred in sentencing him to the maximum sentences on counts one and three of the indictment. We disagree.
 {¶ 14} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08 (G) (1); State v. Garcia (1998),126 Ohio App. 3d 485,487. Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Garcia at 487.
 {¶ 15} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation reports; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statement made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08 (F) (1) through (3); State v.Mills (September 25, 2003), 5th Dist. No. 03-COA-001. The sentence imposed by the trial court should be consistent with overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 16} Pursuant to R.C. 2929.14(C), a trial court may impose a maximum sentence under the following conditions:
 {¶ 17} "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section."
 {¶ 18} This statute is to be read in the disjunctive. SeeState v. Comersford (June 3, 1999), Delaware App. No. 98-CAA-01004 at 3. Accordingly, a maximum sentence may be imposed if the trial court finds any one of the above-listed offender categories apply.
 {¶ 19} The transcript of the sentencing hearing indicates that the trial court received and considered a pre-sentence investigation and report. (T. at 2-3).
 {¶ 20} At the time of sentencing in the case at bar, appellant was serving a three (3) year prison sentence for Robbery from Franklin County, Ohio. (Id. at 4). The trial court reviewed certain portions of the pre-sentence investigation report and noted that the appellant had an extensive criminal record. (Id. at 4-8). The court found recidivism "is very likely." (Id. at 5).
 {¶ 21} The trial court further found that in committing the offenses the appellant had held a position of trust and that the offense related to that position. (Id.)
 {¶ 22} We find from a review of the transcript of the sentencing hearing that the trial court made sufficient findings to meet the mandates set forth in R.C. 2929.14 (C).
 {¶ 23} Alternatively, we also note that we do not know the specific contents of the pre-sentence investigation report or any of the victim impact statements as appellant did not make them a part of the record. In State v. Untied (March 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the pre-sentence investigation report and stated:
 {¶ 24} "Appellate review contemplates that the entire record be presented. App. R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm.Knapp v. Edwards Laboratories (1980), 61 Ohio St. 2d 197,400 N.E. 2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review.
 {¶ 25} "Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence, or `contrary to law'." Id. at 7. See also, State v. Mills
(September 25, 2003), 5th Dist. No. 03-COA-001 at paragraph, 13-15.
 {¶ 26} We reached the same conclusion, in the case sub judice, because appellant failed to include in the record the pre-sentence investigation report and the victim impact statements.
 {¶ 27} Appellant's first assignment of error is overruled.
 III. {¶ 28} In his third assignment of error, appellant alleges that the trial court erred when it sentenced appellant to serve the community control sanctions for count two consecutive to the prison sentence imposed for counts one and three and consecutive to a sentence imposed by the court in the Franklin County case. Appellant contends that the trial court failed to make all of the findings to impose consecutive sentences and that the findings made by the trial court were not supported by the record. We agree.
 {¶ 29} The statutory scheme assumes that sentences imposed in separate cases will be concurrent unless the court determines consecutive sentences should be imposed under R.C. 2929. 14 (E).State v. Givens, Franklin App. No. 80319, 2002-Ohio-4904. R.C.5145.01 provides that "[i]f a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of Sections 2929.14 and 2929.41 of the Revised Code apply." R.C. 2929.41 (B)(3), in effect at the time the offenses were committed, stated: "[i]f a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States".
 {¶ 30} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E) (4) and R.C. 2929.19(B) (2) (c). R.C. 2929.14(E) (4) states as follows:
 {¶ 31} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 32} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 33} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 34} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 35} Revised Code 2929.19(B) (2) (c) requires that a trial court state its reasons for imposing consecutive sentences.
 {¶ 36} The Ohio Supreme Court addressed when and where a trial court must state the required findings and reasons to impose a consecutive sentence. In State v. Comer, the Ohio Supreme Court held that the findings and reasons to impose consecutive sentences must be stated by the trial court at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 37} The import of the decision in State v. Comer, supra, is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision upon the statutorily enumerated criteria. This procedure allows trial counsel "the opportunity to correct obvious errors . . . [and] encourages judges to decide how the statutory factors apply to the facts of the case." Id. at 477-78. This procedure will also enable an appellate court to conduct a meaningful review of the sentencing decision. Id. at 465-66. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id. at 466. (Citations omitted).
 {¶ 38} R.C. 2953.08 (G) (2) instructs the appellate court to review the "record" to determine whether consecutive sentences were properly imposed in a given case.
 {¶ 39} Although the word "imprisonment" is not defined in R.C. 2929, R.C. 1.05(C) defines "imprisoned" as "`imprisoned' or `imprisonment' means being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of the department of rehabilitation and correction, a county, multi-county, municipal, municipal-county, or multi-county-municipal jail or workhouse, a minimum security jail, a community-based correctional facility, a halfway house, an alternative residential facility, or another facility described or referred to in section 2929.34 of the Revised Code for the type of criminal offense and under the circumstances specified or referred to in that section."
 {¶ 40} In the case at bar, the trial court mandated that "[i]f you have not had any type of drug rehabilitation in the institution, then the first thing will be that you have to complete a CBCF." (T. at 7.) As the community control sanctions imposed for count two may result in imprisonment, the Court was required to specify its reasons for imposing consecutive sentences on count two, in addition to its reasons for making the sentences on counts one and three consecutive to the Franklin County case.
 {¶ 41} Upon a review of the trial court's statements and a thorough review of the sentencing hearing transcript, we must conclude that the trial court's findings did not comply with the sentencing statute. In particular, the trial court never found that consecutive sentences were necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The trial court should also state its reasons on the record for any such finding.
 {¶ 42} We find the trial court failed to state on the record at the sentencing hearing the findings and reasons as required by R.C. 2929.14 (E) (4) and Comer, supra. We therefore hold that a remand for re-sentencing is warranted.
 {¶ 43} Appellant's third assignment of error is sustained.
 IV. {¶ 44} In his fourth assignment of error, appellant argues that a trial court cannot sentence an individual to a prison term for a fifth degree felony because the facts necessary to support imposition of a prison term must be presented to the jury. We disagree.
 {¶ 45} Appellant argues that his sentence is contrary to the dictates of two recent decisions from the United States Supreme Court, to wit: Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348 and Blakely v. Washington (June 24, 2004),124 S.Ct. 2531, 159 L.Ed.2d 403; 72 U.S.L.W. 4546.
 {¶ 46} Apprendi and Blakely stand for the proposition that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime — and thus the domain of the jury — by those who framed the Bill of Rights. If the sentence is increased beyond the maximum range allowed for the offense, then the facts to support that increase must be presented to the jury under a beyond a reasonable doubt standard, regardless of whether the State labels such a fact as a "sentencing factor" or an "element" See, e.g. Harris v.U.S. (2002), 536 U.S. 545.
 {¶ 47} Apprendi and Blakely do not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature. Once a defendant pleads guilty, or is found guilty of an offense by a jury "Apprendi
says that the defendant has been convicted of the crime; the Fifth and Sixth Amendments have been observed; and the Government has been authorized to impose any sentence below the maximum. That is why, as Apprendi noted, `nothing in this history suggests that it is impermissible for judges to exercise discretion — taking into consideration various factors relating both to offense and offender — in imposing a judgment within the range'" Id., at 481, 120 S.Ct. 2348. That is also why, asMcMillan noted, nothing in this history suggests that it is impermissible for judges to find facts that give rise to a mandatory minimum sentence below `the maximum penalty for the crime committed.' 477 U.S., at 87-88, 106 S.Ct. 2411. In both instances the judicial fact-finding does not `expose a defendant to a punishment greater than that otherwise legally prescribed.'Apprendi, supra, at 483, n. 10, 120 S.Ct. 2348. Whether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. When a judge sentences the defendant to a mandatory minimum, no less than when the judge chooses a sentence within the range, the grand and petit juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries — and without contradictingApprendi." Harris v. United States (2002), 536 U.S. 545, 564,122 S.Ct. 2406, 2418.
 {¶ 48} The appellant has not identified with any specificity which facts he claims must be submitted to the jury before the court is authorized to impose a prison sentence for a fourth degree felony conviction.
 {¶ 49} Generally, in order to sentence an offender to prison for a fourth or fifth degree felony, the court must: (1) find that at least one of the circumstances in R.C. 2929.13(B)(1) exists; (2) consider the factors set forth in R.C. 2929.12, including the factors affecting the seriousness of the offenses and the potential for recidivism found in R.C. 2929.12(B) through (E); (3) find that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11; and (4) find that the offender is not amenable to available community control sanctions. R.C. 2929.13(B) (2). If the offender has not previously served a prison term the court is directed to consider the minimum prison term unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B).
 {¶ 50} The court based its decision to impose a non-minimum prison sentence in appellant's case in part on the pre-sentence investigation report prepared by the probation department. (T. at 2-3).
 {¶ 51} In Williams v. New York (1949), 337 U.S. 241,69 S.Ct. 1079, the Court noted: "[b]ut both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind the extent of punishment to be imposed within limits fixed by law." Id. at 246,69 S.Ct. 1082. (Footnote omitted). The court further noted: "[p]robation workers making reports of their investigations have not been trained to prosecute but to aid offenders. Their reports have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guesswork and inadequate information. To deprive sentencing judges of this kind of information would undermine modern penological procedural policies that have been cautiously adopted throughout the nation after careful consideration and experimentation. We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life." Id. at 249-50, 69 S.Ct. 1085. (Footnotes omitted).
 {¶ 52} Neither Apprendi nor Blakely have changed this result. "If the grand jury has alleged, and the trial jury has found, all the facts necessary to impose the maximum, the barriers between government and defendant fall. The judge may select any sentence within the range, based on facts not alleged in the indictment or proved to the jury — even if those facts are specified by the legislature, and even if they persuade the judge to choose a much higher sentence than he or she otherwise would have imposed. That a fact affects the defendant's sentence, even dramatically so, does not by itself make it an element." Harrisv. United States, supra, 536 U.S. at 566, 122 S.Ct. at 2416.
 {¶ 53} The trial courts remain free to use their discretion, and to consider facts not presented to the jury in deciding the appropriate punishment from within the range prescribed by statute. "Judges, in turn, have always considered uncharged `aggravating circumstances' that, while increasing the defendant's punishment, have not `swell[ed] the penalty above what the law has provided for the acts charged.' Harris v.United States, supra, 536 U.S. at 562, 122 S.Ct. at 2416.
 {¶ 54} A trial judge retains discretion to choose a punishment and may base his or her decision upon facts related to the commission of the crime and/or the circumstances of the offender. "Sentencing courts necessarily consider the circumstances of an offense in selecting the appropriate punishment, and we have consistently approved sentencing schemes that mandate consideration of facts related to the crime . . . without suggesting that those facts must be proved beyond a reasonable doubt." McMillan v. Pennsylvania (1986),477 U.S. 79, 93, 106 S.Ct. 2411, 2419. (Citations omitted).
 {¶ 55} None of the factors set forth in 2929.13(B) or 2929.14(B) subject an offender to a prison term in excess of what the law provides as the maximum sentence for a felony of the fourth or fifth degree. The Legislature has simply codified factors that sentences courts have always considered when deciding to sentence a defendant within the range permitted by statute. The fact that the legislature has chosen certain of the traditional sentencing factors and dictated the precise weight to be given those factors does not evade the requirements of the Fifth and Sixth Amendments. Harris v. United States, supra,536 U.S. at 568, 122 S.Ct. at 2420. (Citing McMillan v.Pennsylvania (1986), 477 U.S. 79, 106 S.Ct. 2411).
 {¶ 56} Accordingly, a jury is not required to find the factors set forth in R.C. 2929.13(B) (2) or R.C. 2929.14(B) before a judge may impose a prison sentence for the conviction of a fourth or fifth degree felony.
 {¶ 57} Additionally we would note that in the case at bar, appellant signed a "Withdrawal of Former Pleas of Not Guilty and Written Pleas of Guilty to Counts One, Two and Three of the Indictment" on March 2, 2004. For each count this document contains the following caveat: "I also understand that, as to the crime of Theft as charged in Count One of the Indictment, if the Trial Judge makes any one of the findings set forth in Section2929.13(B)(1)(a) through (h) of the Ohio Revised Code, and, if after considering the seriousness and recidivism factors set forth in Section 2929.12 of the Ohio Revised Code, the Trial Judge finds that a stated prison term is consistent with the purposes and principles of Felony Sentencing and the Trial Judge finds that I am not amenable to available Community Control Sanction or Sanctions, then I may be sentenced to a stated prison term of six (6) months, seven (7) months, eight (8) months, nine (9) months, ten (10) months, eleven (11) months, or twelve (12) months, and that certain Financial Sanctions could be imposed upon me including the payment of Court Costs, Restitution, and a fine not to exceed Two Thousand Five Hundred Dollars ($2,500.00)." (Id. at 1-2). A similar admonition was repeated for each count to which appellant plead. (Id. at 2-3).
 {¶ 58} In the case at bar, appellant was aware that the trial judge would make the findings as set forth in R.C. 2929.13 and R.C. 2929.14. Appellant did not object nor did he request a jury trial on those issues. "The general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'State v. Childs (1968), 14 Ohio St.2d 56, 236 N.E.2d 545, paragraph three of the syllabus; State v. Glaros (1960),170 Ohio St. 471 166 N.E.2d 379, paragraph one of the syllabus;State v. Lancaster (1971), 25 Ohio St.2d 83, 267 N.E.2d 291, paragraph one of the syllabus; State v. Williams (1977),51 Ohio St.2d 112, 117, 364 N.E.2d 1364. Likewise, `[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' State v. Childs, supra,14 Ohio St.2d at 62, 236 N.E.2d 545, citing State v. Davis (1964),1 Ohio St.2d 28, 203 N.E.2d 357; State, ex rel. Specht, v. Bd.of Edn. (1981), 66 Ohio St.2d 178, 182, 420 N.E.2d 1004, citingClarington v. Althar (1930), 122 Ohio St. 608, 174 N.E. 251, and Toledo v. Gfell (1958), 107 Ohio App. 93, 95,156 N.E.2d 752. [Footnote omitted.]
 {¶ 59} Appellant's fourth assignment of error is overruled.
 {¶ 60} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed in part and reversed in part. The consecutive sentence of the Delaware County Court of Common Pleas is vacated, and the case is remanded to the trial court for re-sentencing.
Gwin, P.J. and Boggins, J. concur.
Hoffman, J., concurs in part; dissents in part.