JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals his sentence after he pled guilty to an amended indictment for the offenses of attempted aggravated arson and menacing by stalking.[1] In an order journalized on January 16, 2003, defendant was sentenced to a prison term of six months on his menacing conviction[2] and four years of community control on the attempted aggravated arson conviction. The community control term was run consecutive to the six-month term of incarceration.
 {¶ 2} In May 2003, defendant completed his six-month prison term. Upon release, defendant began serving his term of community control. In early February 2004, defendant filed a Motion to Dismiss and/or Terminate Community Control Sanctions. The trial court denied the motion on February 17, 2004.
 {¶ 3} Defendant's Notice of Appeal, filed on May 10, 2004, states defendant is appealing from the "judgment of conviction and sentence entered on February 17, 2004 and received for filing on February 18, 2004." The sentence, however, was journalized on January 16, 2003. The ruling the court made on February 17 was to deny defendant's "Motion to Dismiss and/or terminate Community Control Sanctions."
 {¶ 4} Because defendant did not timely appeal from the trial court's sentencing order journalized on January 16, 2003, this court has no jurisdiction over that issue now.
We will, nevertheless, address defendant's assignments of error.
 {¶ 5} Defendant presents two assignments of error:
The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(e)(4).
 {¶ 6} Defendant argues the trial court erred in running his four years of community control consecutive to his six-month prison term without first making the findings required by R.C.2929.14(e)(4). Even if jurisdiction were proper, this court has held that a trial court is required to provide the findings and reasons described in R.C. 2929.14, only when it imposes consecutive terms of imprisonment. State v. Thompson, Cuyahoga App. No. 83382, 2004-Ohio-2969;[3] State v. Aitkens,
Cuyahoga App. Nos. 79851 and 79929, 2002-Ohio-1080. By definition, an imposed term of "community" controlled sanctions is not a prison term.
 {¶ 7} In Thompson, defendant was sentenced to a one-year prison term for drug trafficking and four years of community controlled sanctions for the separate offense of preparation of drugs for sale. This court held that the trial court was not required to make the statutory findings and reasons described in R.C. 2929.14, because defendant had not been given two consecutive prison sentences.
 {¶ 8} As in Thompson, defendant in the case at bar was not sentenced to two prison terms. The trial court, therefore, did not err in not making the findings specified in R.C. 2929.14. Defendant's first assignment of error is without merit.
II. Appellant's rights against double jeopardy under the ohio constitution were violated when he was sentenced and punished twice for the same crime.
 {¶ 9} Defendant generally contends that his prison sentence and term of community control sanctions subjected him to punishment and sentencing for the same crime twice in violation of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. To be successful on a claim of double jeopardy, a defendant must demonstrate that: "(1) * * * there was a prior prosecution in the same state for the identical offense; (2) * * * the same person was charged relative to the first prosecution; (3) * * * the same parties were involved in both prosecutions; and (4) * * * the first offense prosecuted was of such a nature as to constitute a bar to the successive prosecution." State v.Best (1975), 42 Ohio St.2d 530, 533, 330 N.E.2d 421.
 {¶ 10} On the record before this court, defendant received a six-month prison term on his menacing by stalking conviction. He received community control sanctions on his attempted aggravated arson conviction. These penalties are separate and distinct and clearly related to two separate offenses. Thompson, supra. As such, defendant's claim that his right against double jeopardy has been violated is without merit and thus overruled.
Case dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Gallagher, J., concur.
[1] Defendant was originally indicted on four counts of ggravated arson (Counts One through Four)in violation of R.C.2909.02 and one count of menacing by stalking (Count Five), in violation of R.C. 2903.211.
[2] He was also advised that post-release control was part of the prison sentence for the maximum period allowed on the arson conviction.
[3] We note this decision was issued after defense counsel submitted his brief.