OPINION
{¶ 1} Defendant-appellant Rick L. Hughett appeals the January 13, 2005 Judgment Entry of Sentence entered by the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On August 21, 2003, the Delaware County Grand Jury indicted appellant on three counts of theft, in violation of R.C. 2913.02, and two counts of forgery, in violation of R.C. 2913.31. Appellant entered pleas of not guilty to the charges set forth in the indictment at his arraignment on January 20, 2004. Pursuant to Crim. R. 11(F) negotiations, appellant withdrew his former plea of not guilty and plead guilty to the three counts of theft. The State dismissed the two counts of forgery. The trial court accepted appellant's guilty plea and referred him to the Adult Parole Authority for purposes of a pre-sentence investigation.
 {¶ 3} The trial court conducted a sentencing hearing on June 10, 2004. The trial court sentenced appellant to a prison term of twelve months on counts one and three of the indictment. The trial court ordered the terms be served concurrent to each other, but consecutive to the sentence imposed in a robbery conviction in Franklin County, Ohio. With respect to count two, the trial court imposed community control sanctions for a period not to exceed five years, commencing upon his release from prison. The trial court memorialized the sentence via Judgment Entry on Sentence filed June 22, 2004.
 {¶ 4} Appellant appealed and we affirmed the sentences in part but reversed the trial court's imposition of consecutive sentences. State v.Hughett, 5th District No. 04CAA06051, 2004-Ohio-6207, [Hughett I]. We remanded the case for re-sentencing.
 {¶ 5} A sentencing hearing was conducted by the trial court on December 17, 2004. The trial court imposed the same sentence as it had previously imposed in Hughett I. The trial court memorialized the sentence via Judgment Entry on Sentence filed January 13, 2005.
 {¶ 6} It is from this judgment entry appellant appeals, raising the following three assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO THE MAXIMUM PRISON TERM OF COUNTS ONE AND THREE.
 {¶ 8} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SENTENCING THE DEFENDANT TO A PRISON TERM FOR A FIFTH DEGREE FELONY.
 {¶ 9} "III. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A NON-MINIMUM PRISON TERM BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY THE DEFENDANT."
 I, II. III. {¶ 10} In his First Assignment of Error appellant maintains that the trial court erred in sentencing him to a maximum term of imprisonment on Counts One and Three. In his Second Assignment of Error appellant contends that the trial court erred in sentencing him to a term of imprisonment for a fifth degree felony. In his Third Assignment of Error appellant claims that the trial court erred because the facts necessary to support imposition of a prison term must be presented to the jury. We shall address the assignments of error collectively.
 {¶ 11} In State v. Hughett, 5th District No. 04CAA06051, 2004-Ohio-6207, [Hughett I] we upheld the trial court's imposition of maximum sentences for Counts One and Three (Id. at ¶ 22); found that the trial court could properly impose a blended sentence of prison and community control sanctions (Id. at ¶ 11); and further found that "a jury is not required to find the factors set forth in R.C. 2929.13(B)(2) or R.C. 2929.14(B) before a judge may impose a prison sentence for the conviction of a fourth or fifth degree felony." (Id. at ¶ 56). We further stated: "[f]or the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed in part and reversed in part.
The consecutive sentence of the Delaware County Court of Common Pleas isvacated, and the case is remanded to the trial court for re-sentencing". (Emphasis added). (Id. at ¶ 60).
 {¶ 12} Accordingly, the issues of the trial court's sentencing appellant to a maximum term of imprisonment for a fifth degree felony, sentencing appellant to a term of imprisonment for a fifth degree felony, and sentencing appellant to a term of imprisonment based upon facts not found by the jury or admitted by the defendant were neither reversed nor remanded and are the law of the case.
 {¶ 13} None of the assignments of error in the present appeal are predicated upon the trial court's imposition of consecutive sentences which was the sole purpose of our limited remand.
 {¶ 14} Accordingly, appellants First, Second and Third Assignments of Error are overruled.
 {¶ 15} For the forgoing reasons, the judgment of the Court of Common Pleas of Delaware County is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County is affirmed. Costs to appellant.