[Cite as *State v. Anderson*, 2015-Ohio-5136.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102427**

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### MARLO A. ANDERSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585997-A

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** December 10, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 W. St. Clair
Suite 212
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: John Patrick Colan
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶1} Marlo Anderson appeals the trial court's imposition of community control sanctions (two years of community control including an indefinite term of confinement in a community based correctional facility ("CBCF")) on an identity fraud count, to be served consecutively to a three-year aggregate sentence of imprisonment (consecutive terms of one year on a firearm specification and two years for robbery). Anderson also was sentenced to one year for abduction, to be served concurrently with the three-year term stemming from the robbery count that is not an issue in the current appeal. Although Anderson pleaded guilty to aggravated theft, that count merged with the identity theft count and, therefore, is not part of Anderson's conviction.

{¶2} Anderson was charged with abduction, robbery, and identity theft for luring a victim into Anderson's car and robbing him at gunpoint. When the victim entered the car, Anderson and three accomplices took the victim's cell phone and bank card. One of the attackers used a Taser on the back of the victim's neck several times to torture the victim into divulging his PIN. The victim finally relented, and the quartet proceeded to three separate ATMs where Anderson posed as the victim to withdraw cash. When the attackers stopped at one of the ATMs, the victim managed to escape. Anderson drove by the victim's home in an attempt to find him.

{¶3} Anderson filed the current appeal after pleading guilty and being sentenced. Anderson claims the trial court failed to "properly" consider the merger issue regarding the robbery and abduction charges, arguing that his state of mind, or animus, was never addressed. In this case, the trial court determined that the acts constituting the robbery and those constituting the abduction were committed with separate conduct. Because the acts were deemed to be

committed separately, no inquiry into the defendant's animus was necessary. The Ohio Supreme Court held that

> offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) [if] the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm [or was committed against separate victims], (2) [if] the offenses were committed separately, [or] (3) [if] the offenses were committed with separate animus or motivation.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25. The merger analysis was stated in the disjunctive: any one of the factors warrants separate punishment. In this case, the trial court determined that the offenses were committed separately. The trial court was not required to determine Anderson's animus and did not err by avoiding any discussion of Anderson's "state of mind." Anderson's argument is overruled.

{¶4} Anderson also challenges the imposition of a two-year term of community control to be served consecutively to his three-year term of imprisonment — specifically imposed by the trial court pursuant to R.C. 2929.14(C)(4). It should be noted that Anderson also has a mandatory three-year term of postrelease control. It is not entirely clear why the two-year term of community control was imposed if Anderson was already subjected to a mandatory period of monitoring following his release. At best, it seems fiscally duplicative to have two different agencies monitoring Anderson upon his release.

{¶5} Nevertheless, we agree with Anderson's claim that the trial court was without authority to impose community control sanctions to be served consecutively to the prison term. As a result, the community control sentence on the identity fraud count is void as a matter of law.

**{¶6}** After oral argument, additional briefing was requested from the parties to address the issue of whether R.C. 2929.13(A) or 2929.41(A) or any other statutory provision allows for the consecutive imposition of community control sanctions, either with a prison term or without a prison term, pursuant to *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, or *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512.

**{¶7}** The state filed a supplemental brief advancing the same arguments already briefed and further claimed this court lacked authority to sua sponte question the validity of a sentence. The state's claim is without merit for two reasons.

**{¶8}** First, sentences not authorized by law are void, and the issue may be addressed sua sponte by an appellate court. *State v. T.M.*, 8th Dist. Cuyahoga No. 101194, 2014-Ohio-5688, ¶ 25 (Stewart, J., dissenting), citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 20, and *State v. Hooks*, 135 Ohio App.3d 746, 750, 735 N.E.2d 523 (10th Dist.2000); *State v. Ocel*, 7th Dist. Jefferson No. 08 JE 22, 2009-Ohio-2633, ¶ 2; *State v. Keslar*, 4th Dist. Hocking No. 98CA20, 1999 Ohio App. LEXIS 5570, *17 (Nov. 17, 1999), citing *State v. Bruce*, 95 Ohio App.3d 169, 642 N.E.2d 12 (12th Dist.1994), and *State v. Thomas*, 80 Ohio App.3d 452, 609 N.E.2d 601 (3d Dist.1992).

**{¶9}** Second, and more importantly, although our decision to seek additional briefing was initiated sua sponte, the supplemental briefing provided both parties the opportunity to brief the issue first identified, but not fully developed, in Anderson's brief. As the Ohio Supreme Court has noted, appellate courts may decide cases on the basis of new, unbriefed issues if the parties are afforded notice and an opportunity to be heard. *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21. The purpose of the supplemental briefing was to afford the parties an opportunity to be heard on the dispositive issue.

{¶10} As the state notes, courts have routinely held that community control sanctions on one count can be imposed consecutively to a prison term on another. *See, e.g., State v. Kinder*, 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340; *State v. Blunk*, 8th Dist. Cuyahoga No. 84304, 2004-Ohio-6910; *State v. Purvis*, 8th Dist. Cuyahoga No. 101608, 2015-Ohio-1149; *State v. Heidrick*, 8th Dist. Cuyahoga No. 96822, 2012-Ohio-1739, ¶ 8. None of the cases, however, addressed a trial court's authority to impose such sanctions; most simply presume the authority exists. Any prior precedent in this district purportedly authorizing trial courts to impose community control sanctions to be served consecutively is invalid. *Barnhouse* at ¶ 12.

{¶11} For example, although the panel concluded in *Purvis* that consecutive residential sanctions pursuant to R.C. 2929.16 can be imposed on multiple felonies, the panel relied on *State v. Barnhouse*, 4th Dist. Athens No. 02CA22, 2002-Ohio-7082, a case subsequently overturned by the Ohio Supreme Court. *Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, at ¶ 12.

{¶12} In *Barnhouse*, the Ohio Supreme Court held that trial courts lack authority to impose consecutive jail sentences imposed pursuant to R.C. 2929.16(A)(2), because R.C. 2929.41 mandates that sentences of imprisonment that include a felony jail sentence must be served concurrently to any other term. More importantly, the Ohio Supreme Court concluded that although the language of R.C. 2929.16(A), authorizing the imposition of a combination of sanctions for a "felony offense," in the singular, may indicate "that multiple [sentences] may be imposed where the criminal has been found guilty of multiple felony offenses[,]" such an interpretation is irrelevant to whether the sentences must be served consecutively or concurrently. *Id.* R.C. 2929.41(A) provides no exception to the statutory requirement that trial courts impose the community control sanctions to be served concurrently. The panel's decision in *Purvis*,

therefore, contravened binding precedent, and we cannot rely on that decision.  R.C. 2929.16 does not authorize consecutive service of jail terms on multiple felony offenses.  We are bound by the Ohio Supreme Court's decision in *Barnhouse*.  *See State v. Abernathy*, 8th Dist. Cuyahoga No. 102716, 2015-Ohio-4769, ¶ 9-10.

{¶13} The state also argues that consecutive service of community control sanctions is statutorily authorized based on R.C. 2929.15(A)(1), which provides the following:

> [I]n addition to the mandatory prison term or mandatory prison term and additional prison term imposed under that division, the court also may impose upon the offender a community control sanction or combination of community control sanctions under section 2929.16 or 2929.17 of the Revised Code, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

Although another panel in this district agreed with the state's argument and cited R.C. 2929.15(A)(1) for the proposition that an offender shall serve all prison terms imposed before serving the community control sanction, that provision is limited to sentences imposed pursuant to divisions (G)(1) and (2) of section 2929.13 of the Revised Code, for felony OVI offenses. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-2766, ¶ 28.  That portion of R.C. 2929.15(A)(1) had no applicability to the sexual battery conviction underlying the *May* case and, more importantly, has no applicability to the current facts of this case.  *Id.* at ¶ 1.

{¶14} Further, any reliance on R.C. 2929.13(A), which provides that a court may impose a combination of sanctions that are provided in sections 2929.14 to 2929.18 as authorizating consecutive sentences, like in *May* and *Heidrick*, is misplaced.  *See State v. Leedy*, 4th Dist. Meigs Nos. 13CA7 and13CA8, 2015-Ohio-1718, ¶ 7-8, citing *State v. Heidrick*, 8th Dist. Cuyahoga No. 96822, 2012-Ohio-1739, ¶ 8-9; *Kinder*, 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340, at ¶ 31; *State v. Randolph*, 12th Dist. Butler No. CA2003-10-262,

2004-Ohio-3350, ¶ 6-7; *State v. Ramsey*, 6th Dist. Wood No. WD-04-004, 2004-Ohio-5677, ¶ 4 (collectively relying on R.C. 2929.13(A) as authority to order consecutive service of community control sanctions). In *Barnhouse,* the Ohio Supreme Court held that similar language had no impact on the determination of whether the legislature authorized the imposition of consecutive sentences.

{¶15} R.C. 2929.13(A) authorizes a court to impose "a sentence[, a combination of sanctions pursuant to R.C. 2929.14 through 2929.18,] on an offender for *a felony*." (Emphasis added.) The statute is limited to imposing a combination of sanctions on a singular felony offense and is silent as to imposing consecutive service of community control sentences upon multiple felonies. *Barnhouse* at ¶ 15; *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. R.C. 2929.15(A) and 2929.16(A) also use similar language authorizing trial courts to impose a combination of community control sanctions for a "felony offense." As the Ohio Supreme Court noted in *Barnhouse*, the legislature's indication that a combination of sanctions may be imposed for a felony offense is immaterial to resolving whether the sanctions can be imposed consecutively to one another. *Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, at ¶ 15. Authorizing the combination of community control sanctions for a felony offense is not authorization to impose consecutive service of those sanctions. *Id.*

{¶16} In order to determine whether the trial court possessed the authority to order the imposition of community control sanctions to be served consecutively to the prison term, it must be determined whether R.C. 2929.41(A) provides an exception to concurrent service of those sanctions. As the state concedes, the term of confinement in a CBCF is a community control sanction. *State v. Richmond*, 8th Dist. Cuyahoga No. 97531, 2012-Ohio-3946, ¶ 13;

R.C. 2929.16(A)(1). The only issue in this case is whether consecutive service of community control sanctions can be imposed. Trial courts may only impose sentences specifically authorized by statute. *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512. "'Judges have no inherent power to create sentences.'" *Id.,* citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22.

{¶17} The trial court in this case exceeded the authority granted by the legislature by imposing consecutive service of the community control sanctions on the individual felony sentence. No provision in the Ohio Revised Code authorizes the imposition of consecutive community control sanctions.

{¶18} A plain reading of R.C. 2929.41(A) contradicts the state's position. R.C. 2929.41(A) provides as follows:

> Except as provided in division (B) of this section, division (C) of section 2929.14,
>
> or division (D) or (E) of section 2971.03 of the Revised Code, *a prison term, jail*
>
> *term, or sentence of imprisonment shall be served concurrently with any other*
>
> *prison term, jail term, or sentence of imprisonment* imposed by a court of this
>
> state, another state, or the United States. Except as provided in division (B)(3) of
>
> this section, a jail term or sentence of imprisonment for misdemeanor shall be
>
> served concurrently with a prison term or sentence of imprisonment for felony
>
> served in a state or federal correctional institution.

(Emphasis added.) There are only three exceptions to the concurrent service of jail or prison terms or a sentence of imprisonment: (1) for misdemeanor sentences pursuant to R.C. 2929.41(B); (2) for felony prison terms pursuant to R.C. 2929.14(C)(4); or (3) for sentences for certain violent sex offenses pursuant to R.C. 2971.03. In consideration of the fact that the first

and third exceptions are inapplicable to the current case, it logically follows that whether the community control sanctions, including the two-year term at a CBCF, can be imposed consecutively turns on two issues: (1) whether the community residential sanction of CBCF is a sentence of imprisonment that must be served concurrently with any other prison or jail term, and (2) whether any other provision of the Revised Code authorizes the imposition of nonresidential community control sanctions to be served consecutively to any other sentence.

{¶19} Contrary to the state's position, R.C. 2929.14(C)(4) is limited to the imposition of consecutive "prison terms" and is not applicable to the current case. *State v. Maloney*, 12th Dist. Clermont No. CA99-01-006, 1999 Ohio App. LEXIS 4600, *7 (Sept. 27, 1999); *State v. Kroger*, 12th Dist. Clermont No. CA99-05-050, 2000 Ohio App. LEXIS 1393 (Apr. 3, 2000). "Prison" is defined as a residential facility used for the confinement of convicted felony offenders under the control of the Department of Rehabilitation and Correction. R.C. 2929.01(AA). On the other hand, community control sanctions are not prison terms as defined by the legislature. "'Community control sanction' means a sanction *that is not a prison term* and that is described" in sections 2929.15 through 2929.18 of the Revised Code. (Emphasis added.) R.C. 2929.01(E). Courts are authorized to impose CBCF and other residential sanctions as a community control sanction pursuant to R.C. 2929.16 and 2929.17. Community control sanctions are not prison terms as statutorily defined. R.C. 2929.14(C)(4) is simply inapplicable.

{¶20} Further, as the Ohio Supreme Court recognized, there is no definition for "sentence of imprisonment" in the Revised Code. *Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, at ¶ 12. R.C. 1.05(A) provides that "imprisoned" or "imprisonment" means being "imprisoned under a sentence imposed for an offense * * * in * * * a community-based

correctional facility." Serving a term in a CBCF is "imprisonment" as statutorily defined. It stands to follow that the imposition of a term at a CBCF is a "sentence of imprisonment." *Barnhouse.* Because no exceptions in R.C. 2929.41(A) authorize the consecutive service of a "sentence of imprisonment," a term of imprisonment at a CBCF cannot be imposed consecutive to a prison term.

{¶21} The only remaining question is whether any nonresidential community control sanctions pursuant to R.C. 2929.17 may be imposed consecutive to a prison term. In this case, the trial court ordered two years of monitoring by the probation department following Anderson's release from prison. The state has not provided, nor can we locate, any provision of the Revised Code authorizing the imposition of consecutive nonresidential community control sanctions, to take effect following an offender's release from a prison term, except for certain OVI offenses. R.C. 2929.15(A)(1). Trial courts may only impose sentences specifically authorized by statute. *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, at ¶ 10.

{¶22} Sections R.C. 2929.13 through 2929.18 are silent with respect to imposing nonresidential sanctions to be served consecutively to prison terms. Further, R.C. 2929.41 only addresses prison terms, jail terms, or sentences of imprisonment. Nonresidential community control sanctions are not prison terms. R.C. 2929.01(E). Nor are they jail terms. R.C. 2929.01(S) ("jail term" means a term in a jail that is imposed pursuant to R.C. 2929.24 and 2929.25, both of which pertain to misdemeanor sentencing). Because nonresidential sanctions are not prison or jail terms, and because the facts of this case do not involve R.C. 2971.03, there was no statutory authority for the imposition of nonresidential community control sanctions to be served consecutively to other sentences. The only three exceptions to concurrent service provided by R.C. 2929.41 are inapplicable to the current facts.

**{¶23}** Further, it should be noted that whether nonresidential sanctions are considered a "sentence of imprisonment" is irrelevant to our decision as a result of the legislature's silence with regard to the imposition of consecutive nonresidential community control sanctions. If nonresidential sanctions are considered a "sentence of imprisonment," the sanctions must be imposed concurrently because no exception to concurrent service of "sentences of imprisonment" exists in R.C. 2929.41(A). If they are not, the legislature must specifically authorize the consecutive imposition of the sanctions before such a sanction can be validly imposed. From the legislative silence on the latter, we must conclude that imposition of consecutive nonresidential sanctions pursuant to R.C. 2929.17 is not authorized by law. *See Anderson.* As courts are continually reminded, statutory language must be given its plain and ordinary meaning. *N.E. Ohio Regional Sewer Dist. v. Bath Twp.*, Slip Opinion No. 2015-Ohio-3705, ¶ 12, citing *Youngstown Club v. Porterfield*, 21 Ohio St.2d 83, 86, 255 N.E.2d 262 (1970). In this case, the legislature has not authorized the imposition of consecutive service of community control sanctions. The silence is deafening. Had the legislature intended to authorize courts to impose community control sanctions consecutive to prison terms, R.C. 2929.41 could have been drafted including such an exception to concurrent sentencing.

**{¶24}** In light of the foregoing, we must reverse Anderson's conviction as it pertains to the imposition of the community control sanctions. Because there is no statutory authority for the imposition of consecutive community control sanctions, the trial court was without authority to impose the same. The sentence imposed on the identity fraud count is void and must be vacated. Anderson's conviction for identify theft is vacated, and the case is remanded. Anderson's conviction for robbery and abduction is otherwise affirmed.

It is ordered that appellant and appellee share costs herein taxed.    The  court  finds  there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., CONCURS and
MARY J. BOYLE, J., DISSENTS WITH SEPARATE OPINION

MARY J. BOYLE, J.,    DISSENTING:

{¶25} I respectfully dissent.   This court and others have long held that a trial court can impose a prison term on one offense and community control sanctions on another offense and order that the community control sanctions commence once the offender is released from prison.

{¶26} In *State v. Heidrick*, 8th Dist. Cuyahoga No. 96822, 2012-Ohio-1739 (which this writer was a panel member), this court was faced with nearly an identical set of facts.   The defendant was sentenced to five years in prison on one count and one year of community control sanctions on another count.

{¶27} The trial court in *Heidrick* ordered, among other things, as part of the defendant's community control, that he be screened for placement into the Northwest Community Based Correctional Facility for up to six months.   The trial court further ordered:

Community control to commence upon release from prison.

> * * * It is therefore ordered that defendant is sentenced to 1 year(s) of community control, under the supervision of the Adult Probation Department * * *.

*Id.* at ¶ 3.

{¶28} We explained in *Heidrick* that R.C. 2929.13(A), which states that "a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code," provides a trial court with discretion to impose a prison term for one offense and community control sanctions for a separate offense. *Id.*, citing *State v. Randolph*, 12th Dist. Butler No. CA2003-10-262, 2004-Ohio-3350, ¶ 6-7; *State v. Aitkens*, 8th Dist. Cuyahoga Nos. 79851 and 79929, 2002-Ohio-1080; and *State v. Molina*, 8th Dist. Cuyahoga No. 83166, 2004-Ohio-1110, ¶ 10.[1]

{¶29} This court has just reaffirmed (decision released on November 12, 2015) the same holding — that a trial court has the discretion under R.C. 2929.13(A) to impose a prison term on one offense and community control sanctions on another offense that will commence upon completion of the prison term. *See State v. Santiago*, 8th Dist. Cuyahoga No. 102433, 2015-Ohio-4674 (upheld a sentence that included a prison term for one offense and a "jail term, CBCF, and community control sanction" to be served consecutively for another offense). *See also State v. Martin*, 8th Dist. Cuyahoga No. 100723, 2014-Ohio-3913, and *State v. Carswell*, 8th Dist. Cuyahoga Nos. 101313 and 101314, 2015-Ohio-764. We noted in *Martin* and

---

[1]In *Molina*, the trial court judge sentenced the offender to prison on one offense and ordered that it be served consecutively to community control sanctions on another offense; the judge was Judge Burt W. Griffin. Judge Griffin served on the Ohio Criminal Sentencing Commission, which was responsible for the major sentencing overhaul in S.B. 2. Judge Griffin also co-wrote the "bible" on Ohio felony sentencing law. Griffin and Katz, *Ohio Felony Sentencing Law*, Thompson West 2007.

*Carswell* that although a trial court cannot impose both a prison sentence and community control sanctions for the same offense, it may do so for separate offenses. *Martin* at ¶ 8-9; *Carswell* at ¶ 8.

{¶30} Other districts have also held that a trial court may impose a prison term on one offense and community control sanctions on another offense and order the community control sanctions to commence when the offender is released from prison. *See State v. Leedy*, 4th Dist. Meigs No. 13CA7 and 13CA8, 2015-Ohio-1718; *State v. O'Connor*, 5th Dist. Delaware No. 04CAA04-028, 2004-Ohio-6752, *State v. Ramsey*, 6th Dist. Wood No. WD-04-004, 2004-Ohio-5677; and *Randolph*, 12th Dist. Butler No. CA2003-10-262, 2004-Ohio-3350.

{¶31} The trial court in this case attempted to appropriately punish Anderson for his conduct in committing the offenses, while at the same time tried to help Anderson become a more productive and law-abiding citizen after he was released from prison. The court's goal is supported by R.C. 2929.11, which sets forth the overriding purposes of felony sentencing.

{¶32} R.C. 2929.11(A) states:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the *minimum sanctions* that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court *shall consider* the need for incapacitating the offender, deterring the offender and others from future crime, *rehabilitating the offender*, and making restitution to the victim of the offense, the public, or both.

(Emphasis added.)

{¶33} Anderson was young, only 22 years old at the time of sentencing. The trial court heard from his probation officer, who informed the court that Anderson had failed several drug tests, did not comply with his outpatient drug treatment program, or verify that he had attended GED classes. Anderson's father spoke to the court, telling the court that he spent many years of his life with substance abuse issues, and blaming himself for many of Anderson's problems. Anderson's mother also spoke to the court, stating that Anderson had a learning disability and that she attempted to help Anderson attend his AA meetings, but he could not make the most of the meetings because he had to work. Anderson stated that being in jail for 197 days was "eye-opening," and that he learned he wanted to get his life together and be a more productive member of society.

{¶34} In imposing Anderson's sentence, the following took place at the sentencing hearing:

> THE COURT: With regard to * * * the identity fraud offense, Count 8, that is a felony of the fifth degree. I'm going to run that consecutive to the robbery and abduction, and I'm going to order you to be on probation for that charge.
>
> I'm going to have you — when you're released from prison, you're going to come back and be placed in the CBCF facility for a six-month period. CBCF is a confinement facility next to the post office in downtown Cleveland. It is not a jail. It is not a prison. It is a bunk bed facility that has about 150 to 200 men where you will get drug treatment training, you will get GED schooling, you will get training for Thinking For a Change. In other words, making better decisions about yourself and you will do that in a confinement setting, but very different than prison or jail.
>
> You will be allowed to be released from that facility after you do three months, if you have done everything properly. You will have to return there in the evening to stay overnight, but you will be back out in the community during the day to either take care of your business or take care of working or start working, but you will come back during the evening and stay there until you

complete your stay.   It is a maximum of six months.   For many people it is three months to six months.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT:   You need to have some of these issues addressed, and this is the proper way to do that.   If you get that treatment in prison, great, but you're going to at least have a program where if it doesn't happen there, it will happen at the CBCF.   You will be placed on probation for a two-year time period.

You will also be on post-release control at the same time, so I'm not adding anything more to that.   It will be part of that same sentence.   I'm sentencing you to a total of three years, one with the gun specification and two with the robbery, because your conduct that night is such that it is very serious.

I know you've got issues, and I'm trying to address those issues, but it's important to address the conduct, and I'm trying to match the conduct with what I think is the appropriate sentence and to make it as minimum a sentence that I could impose that deals with the nature of your conduct.

You have a lot of family support.   You're going to need that family support.   I expect that they will continue to be with you during that time period and help you through this process.

{¶35} The trial court was clearly attempting to protect the public and punish Anderson with the three-year prison term, while at the same time attempting to rehabilitate a 22-year-old offender once he served his prison sentence.   For this court to say that the judge cannot do so seems counterintuitive and against the overriding purposes of felony sentencing under R.C. 2929.11.

{¶36} I would also like to point out that by vacating Anderson's sentence for the identity fraud count, the majority is essentially removing the trial court's sentencing discretion.   Upon remand, the trial court can either sentence Anderson to prison or community control sanctions for

the identify fraud count. If the majority's interpretation is correct, then any community control sentence that the trial court imposed would have to be served concurrent to the prison term. But if Anderson is in prison, he cannot serve the community control sanction. It begs the question: could the trial court sentence Anderson to five years of community control sanctions on the identity fraud count, with the first three years having to be served concurrent to the prison term, with the remaining two years beginning once Anderson was released from prison?

**{¶37}** Thus, based on well-established law in this district and others, I respectfully dissent. I would affirm Anderson's sentence, but remand for the trial court to issue a new sentencing entry nunc pro tunc to reflect the actual term in the community-based correctional facility that it imposed at the sentencing hearing.