OPINION
{¶ 1} Appellant Edward D. Small appeals from his felony sentencing entry in the Delaware County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On July 11, 2003, appellant was indicted by the Delaware County Grand Jury for six counts of forgery (all F5), R.C. 2913.31(A)(3), and one count of possession of criminal tools (F5), R.C. 2923.24(A). Appellant initially pled not guilty to all counts. However, on December 1, 2003, appellant pled guilty to three counts of forgery. The court accepted the plea, and the matter was referred to the Ohio Adult Parole Authority for a presentence investigation. On March 4, 2004, the trial court sentenced appellant on the three forgery convictions to two consecutive twelve-month prison terms and one concurrent twelve-month prison term.
 {¶ 3} Appellant was thereafter appointed appellate counsel, and timely filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 4} "I. The court erred to the prejudice of the appellant because the findings supporting appellant's exceptional sentence, that is, consecutive, maximum prison sentences, were made by the court and were neither admitted by the appellant nor found by a jury; therefore, the sentence violated his right to trial by jury as guaranteed under the sixth amendment and Article I Section 10
of the Ohio Constitution."
 I. {¶ 5} In his sole Assignment of Error, appellant contends that the trial court erred in imposing "more than the minimum" prison terms for felonies of the fifth degree, in imposing maximum sentences as to all three of the forgery counts, and in imposing consecutive sentences as to two of the counts. We disagree.
 Standard of Review {¶ 6} Pursuant to the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a sentence is set forth in R.C. 2953.08. Specifically, 2953.08(A) presently reads:
 {¶ 7} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 8} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 9} "(a) The sentence was imposed for only one offense.
 {¶ 10} "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 {¶ 11} "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 {¶ 12} "(3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section2929.14 of the Revised Code. As used in this division, `sexually violent offense' and `sexually violent predator' have the same meanings as in section 2971.01 of the Revised Code.
 {¶ 13} "(4) The sentence is contrary to law.
 {¶ 14} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(b) of section 2929.14 of the Revised Code.
 {¶ 15} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."
 Fifth Degree Felony; More than Minimum Terms {¶ 16} Appellant first contends, citing Blakely v.Washington (2004), 124 S.Ct. 2531, that the trial court erroneously sentenced him to a prison terms on the forgery counts, which were more than the minimum terms for fifth degree felonies, based on findings that were neither admitted by appellant nor found by a jury.
 {¶ 17} R.C. 2929.13 reads in pertinent part as follows:
 {¶ 18} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 19} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 20} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 21} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 22} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 23} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 24} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04,2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or2907.34 of the Revised Code.
 {¶ 25} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 26} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 27} "(i) The offender committed the offense while in possession of a firearm.
 {¶ 28} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 29} "(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
 {¶ 30} In addition, R.C. 2929.14(B) requires the sentencing court to consider the minimum prison term, if the offender was not in prison at the time of the offense, or has not previously served a prison term, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 31} In Blakely, supra, the United States Supreme Court held that if a defendant's sentence is increased beyond the maximum range allowed for the offense, the facts to support that increase must either be heard by a jury under a beyond a reasonable doubt standard, or admitted by the defendant. However, in State v. Hughett, Delaware App. No. 04CAA06051,2004-Ohio-6207, ¶ 56, we concluded that a jury is not required to find the factors set forth in R.C. 2929.13(B)(2) or R.C.2929.14(B) before a judge may impose a prison sentence following a defendant's conviction of a fourth or fifth degree felony. Accordingly, we find no merit in appellant's claim that the trial court erroneously sentenced him to prison terms for forgery, which additionally were more than minimum terms, in violation ofBlakely.
 Maximum Sentences {¶ 32} Appellant next challenges the court's imposition of statutory maximum sentences on the three forgery counts. In order to modify or vacate a maximum sentence on appeal, an appellant bears the burden of demonstrating, by clear and convincing evidence, that the trial court erred in imposing the maximum sentence. See State v. Johnson, Washington App. No. 01CA5, 2002-Ohio-2576, citing Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 725, § T 9.16.
 {¶ 33} R.C. 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence: "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." We read this statute in the disjunctive. See State v. Comersford
(June 3, 1999), Delaware App. No. 98CA01004. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply. Additionally, a trial court must state its reasons supporting an R.C. 2929.14(C) maximum sentence finding. R.C. 2929.19(B)(2)(d).
 {¶ 34} Blakely addressed the State of Washington's statutory scheme for judicial "exceptional" enhancements of penalties beyond the defined maximum. In contrast, in the case sub judice, appellant received twelve months on each forgery count, which is the maximum sentence allowable under Ohio law for a fifth-degree felony. See R.C. 2929.14(A)(5). As such, we find appellant's claim of a Blakely violation as to his maximum sentences without merit under the facts and circumstances of this case. Accord State v. Scheer (2004), 158 Ohio App.3d 432, 437.
 Consecutive Sentences {¶ 35} Appellant finally challenges, under Blakely, the imposition of consecutive sentences as to two of the forgery counts.
 {¶ 36} R.C. 2929.14(E)(4) provides:
 {¶ 37} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 38} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 39} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 40} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 41} We note Blakely, supra, did not address the issue of the imposition of consecutive sentences. Likewise, the case ofApprendi v. New Jersey (2000) 530 U.S. 466, 490, upon which the United States Supreme Court relied extensively in Blakely,
addressed a defendant who had been sentenced to three concurrent terms. Thus, Apprendi is not implicated in consecutive sentencing cases. See State v. Taylor, Lake App. No. 2003-L-165, 2004-Ohio-5939, ¶ 25, citing United States v. Wingo
(C.A.6, 2003), 76 Fed. Appx. 30, 35-36. The Eleventh District Court of Appeals has held that where a defendant's individual sentences are each less than the statutory maximum, Blakely andApprendi are not applicable. Taylor, supra.
 {¶ 42} We are likewise unpersuaded that Blakely is implicated on the issue of consecutive sentences in any multiple-offense case where, as here, the individual sentences are each within the maximum range for the offense. Moreover, in the case sub judice, appellant makes little effort to persuade this Court that Blakely is applicable to his two consecutive sentences. Appellant clearly fails to set forth "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," in regard to this issue, as per App.R. 16(A)(7). See, e.g., Knox v.Clark, Fairfield App. No. 03 CA 95, 2004-Ohio-4461, ¶ 22.
 {¶ 43} Upon review, we find no error regarding the grant of consecutive sentences in this case, as urged by appellant.
 {¶ 44} In summary, we hold the trial court did not err in imposing "more than the minimum" prison terms for felonies of the fifth degree, in imposing maximum sentences as to all three of the forgery counts, and in imposing consecutive sentences as to two of the counts.
 {¶ 45} Appellant's sole Assignment of Error is overruled.
 {¶ 46} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Costs to appellant.