OPINION
{¶ 1} Appellant appeals his sentence and conviction entered in the Licking County Court of Common Pleas where he was found guilty by a jury on one count of Rape by Force, a felony of the first degree and four counts of Gross Sexual Imposition, felonies of the third degree.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Chastity and Chandra Hottinger are the twin granddaughters of Jacob Hottinger, (d.o.b. 10/20/86). Chastity and Chandra's parents divorced in 1994 and their father moved back in with his parents where the girls would visit him and spend the night on Saturdays.
 {¶ 4} In the early fall of 2003, Chastity told her mother that her grandfather, Jacob Hottinger, had sexually abused her in the past.
 {¶ 5} In January, 2004, Chandra disclosed to her mother that her grandfather had also sexually abused her.
 {¶ 6} Appellant was charged with one count of Rape by Force, in violation of 2907.02(A), a felony of the first degree and four counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree.
 {¶ 7} On December 13th and 14th, 2004, this matter was tried before a jury. The jury returned guilty verdicts on one count of Rape (by Force) and three counts of Gross Sexual Imposition.
 {¶ 8} On January 14, 2005, the trial court sentenced Appellant to eight (8) years on the count of Rape and four (4) years on each count of Gross Sexual Imposition. The sentences on the Gross Sexual Imposition charges were to run concurrent to one another but consecutive to the eight year sentence on the Rape count, for an aggregate sentence of twelve (12) years. Appellant was also determined to be a sexual predator.
 {¶ 9} Appellant filed an appeal of his conviction and sentence and this matter is now before this court for consideration.
 {¶ 10} Appellant's Assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT COMMITTED PLAIN ERROR IN ALLOWING THE NUMEROUS, UNSOLICITED STATEMENTS BY CHANDRA HOTTINGER ABOUT NOT WANTING TO BE AROUND JACOB HOTTINGER, REQUIRING A NEW TRIAL.
 {¶ 12} "II. JACOB HOTTINGER'S TRIAL COUNSEL FAILED TO ADEQUATELY PROTECT HOTTINGER'S RIGHT TO CONFRONT CHANDRA HOTTINGER AND HIS PRESUMPTION OF INNOCENCE.
 {¶ 13} "III. THE TRIAL COURT ERRED IN SENTENCING HOTTINGER BEYOND THE STATUTORY PERMITTED MAXIMUM IN LIGHT OF HIS LACK OF A PRIOR CRIMINAL RECORD."
 I. {¶ 14} In his first assignment of error, Appellant claims the trial court committed plain error in not ordering Chandra Hollinger to refrain from making unsolicited statements in the presence of the jury and in not instructing the jury to disregard such statements. We disagree.
 {¶ 15} Prior to and during her direct and cross-examination, Chandra made repeated statements that she did not want her grandfather near her and also made a number of inquiries as to where her grandfather was in the courtroom in relation to where she was on the witness stand.
 {¶ 16} Appellant's trial counsel did not object to these statements. Accordingly we must review this assignment of error under the plain error standard.
 {¶ 17} Crim. R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim. R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 18} In U.S. v. Dominguez Benitez (June 14, 2004), 124 S.Ct. 2333,159 L.Ed.2d 157, the Court defined the prejudice prong of the plain error analysis. "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding. See Arizona v. Fulminante, 499 U.S. 279, 309-310 (1991) (giving examples).
 {¶ 19} "Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrased as `error that affects substantial rights,' used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding. See Kotteakosv. United States, 328 U.S. 750 (1946). To affect "substantial rights" . . . an error must have "substantial and injurious effect or influence in determining the . . . verdict." Kotteakos, supra, at 776." Id. at 2339. See, also, State v. Barnes (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240.
 {¶ 20} The defendant bears the burden of demonstrating that a plain error affected his substantial rights. United States v. Olano (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; State v. Perry (2004), 101 Ohio St.3d 118,120, 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice."' State v. Barnes
(2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quoting State v. Long
(1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 21} Upon review, we find no evidence that such statements affected the outcome of the verdict. The victim testified to the repeated sexual and physical abuse she suffered by her grandfather. She further testified that he had threatened to kill her if she told anyone. Because the victim was blind, she sought reassurance in the courtroom that her abuser was not near her or able to get to her. We find that such was not unduly prejudicial in the case sub judice in that the details of abuse were more than enough for the jury to find Appellant guilty.
 {¶ 22} Furthermore, Appellant had the opportunity to cross-examine Chandra so there was no violation of his right to confrontation.
 {¶ 23} Appellant's first Assignment of Error is overruled.
 II. {¶ 24} In his second assignment of error Appellant argues that he was denied the effective assistance of counsel. We disagree.
 {¶ 25} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described in Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client."State v. Bradley (1989), 42 Ohio St.3d 136, 141, 538 N.E.2d 373; Statev. Lytle (1976), 48 Ohio St.2d 391, 396, 358 N.E.2d 623. Second, Appellant must demonstrate prejudice by showing that there is a reasonable probability that the outcome of his trial would have been different, but for his counsel's unprofessional errors. Strickland v. Washington
(1984), 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 26} Specifically, Appellant claims that his trial counsel was ineffective because he failed to object to the statements made by Chandra Hottinger and further failed to request a mistrial based on such statements.
 {¶ 27} Again, the statements made by Chandra concerned the physical proximity of her grandfather to her during her testimony.
 {¶ 28} There are a number of strategic reasons trial counsel may have chosen to not object to these statements. He may decided that it would appear harsh to object to the statements made by a scared, blind victim of sexual abuse. He may have not wanted to draw any more attention to her fear.
 {¶ 29} The law is clear that "[d]ebatable trial tactics do not constitute ineffective assistance of counsel." State v. McNeill (1998),83 Ohio St.3d 438, 449, 700 N.E.2d 596, 608, citing Clayton, supra,
at 49, 402 N.E.2d at 1192.
 {¶ 30} Notwithstanding, appellant has not sustained his burden, pursuant to Bradley, supra, that there exists a reasonable probability that the result of the trial would have been different were it not for the alleged errors.
 {¶ 31} Appellant's second assignment of error is overruled.
 III. {¶ 32} In his third assignment of error Appellant argues that his sentence is unconstitutional. We disagree.
 {¶ 33} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. We may not disturb a sentence unless we clearly and convincingly find that the record does not support the trial court's findings or that the sentence is otherwise contrary to law. Clear and convincing evidence is that evidence "* * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 34} Appellant was found guilty of one count of Rape in violation of R.C. § 2919.25(A), a felony of the first degree, and three counts of Gross Sexual Imposition, in violation of R.C. § 2907.05(A)(4), felonies of the third degree.
 {¶ 35} Pursuant to R.C. § 2929.14(A)(1) and (3), felonies of the first degree are punishable by "three, four, five, six, seven, eight, nine or ten years" and felonies of the third degree are punishable by "one, two, three, four, or five years".
 {¶ 36} By sentencing entry filed January 14, 2005, the trial court sentenced appellant to eight years on the rape count and four years on each count of gross sexual imposition.
 {¶ 37} In Ohio, sentencing law carries with it a presumption that a defendant who has not previously served a prison term should receive the minimum statutory term. State v. Stambolia, 11th Dist. No. 2003-T-0053,2004-Ohio-6945, at ¶ 31. However, this presumption is rebuttable if the court makes a finding, on the record, that "the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender." Id., quoting State v.Edmonson, 86 Ohio St.3d 324, 325, 1999-Ohio-110; Comer, 2003-Ohio-4165, at ¶ 26; R.C. 2929.14(B)(2).
 {¶ 38} Moreover, under R.C. § 2929.14(B)(2), a trial court is not required to "give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Edmonson, 86 Ohio St.3d at 326. The word "finds," as used in R.C. § 2929.14(B) merely requires that the court "note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." State v.Aponte, 11th Dist. No. 2001-L-097, 2002-Ohio-3374, at ¶ 10, citingEdmonson, 86 Ohio St.3d at 326.
 {¶ 39} In our review of the record, we find that the trial court analyzed the factors under R.C. § 2929.12 and R.C. § 2929.13, before making its finding under R.C. § 2929.14(B) thereby making the statutory findings required. The court specifically stated:
 {¶ 40} ". . . The injury was exacerbated by the physical age and mental conditions of the victims; the victims did suffer serious psychological harm it would appear to me. Clearly as their grandfather, you hold a position of public trust, and the competence of their familiar trust and competence related to them, and I think your role as Grandfather is to prevent these things from happening rather than commit them.
 {¶ 41} "Your relationship with them obviously put you in a position to be able to do these offenses. And based upon your interviews with the police, it would indicate some history of similar actions." (1/14/05 Sent. T. at 15-16).
 {¶ 42} Appellant also argues that the trial court erred in ordering his sentences to be run consecutively.
 {¶ 43} In order to impose consecutive sentences, a trial court must comply with R.C. § 2929.14(E)(4), which provides:
 {¶ 44} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 45} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 46} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 47} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 48} "Consecutive sentences are reserved for the worst offenses and offenders." State v. Comer, 99 Ohio St.3d 463, at ¶ 21, 2003-Ohio-4165
(Citation omitted). Thus, in imposing consecutive sentences, the trial court, at the sentencing hearing, is required to orally make its findings and state its reasons on the record. Id. at paragraph one of the syllabus.
 {¶ 49} In Comer, supra, the Ohio Supreme Court stated: "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. * * * Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." (Emphasis sic.) Comer, supra, at ¶ 13.
 {¶ 50} In the case sub judice, the trial court stated as follows concerning its decision to impose a consecutive sentence:
 {¶ 51} "I would find that consecutive charges are necessary to protect the public and punish you. I don't find them to be disproportionate to your conduct or the danger you pose, and I would find they are necessary to protect the public and a single term doesn't adequately reflect the seriousness of your conduct.
 {¶ 52} "Sentencing you to a minimum sentence would demean the seriousness of the offense. And again, based upon the history of abuse of your children or young children, wouldn't adequately protect he public. And based on the gross sexual imposition charges, I would find that these would be the worst forms of the offenses, given the relationship of the victims to the offender." (1/14/05 Sent.T. at 16-17)
 {¶ 53} Upon review, we find R.C. § 2929.14(C) has been met. We cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law. We find that the sentences imposed by the trial court were within the relevant statutory range for each offense.
 {¶ 54} Appellant contends that pursuant to Apprendi v. New Jersey
(2000), 530 U.S. 466 in order to sentence appellant to more than the minimum sentence, the jury, not the trial court, had to make the requisite findings.
 {¶ 55} This court has considered this issue previously. This court examined the Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.E.2d 403 and Apprendi, supra, decision and found it "do[es] not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." State v. Iddings (November 8, 2004), Delaware App. No. 2004CAA06043. This Court concluded that Blakely
was not implicated when the maximum sentence provided by Ohio sentencing law was imposed. Id; State v. Small, Delaware App. No. 2005-Ohio-169,State v. Stillman, Delaware App. No. 04CAA07052, 2004-Ohio-6974, Statev. Hughett, Delaware App. No. 04CAA060051, 2004-Ohio-6207 (but see dissent by J. Hoffman).
 {¶ 56} Appellant's third assignment of error is overruled.
 {¶ 57} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Boggins, P.J. Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Licking County, Ohio is affirmed. Costs to Appellant.
 NUNC PRO TUNC JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court, Licking County, Ohio is affirmed. Costs to Appellant.