OPINION
{¶ 1} Defendant-appellant Carrie L. Taylor appeals the March 2, 2005 Judgment Entry entered by the Licking County Court of Common Pleas, sentencing her to seventeen months in prison and ordering the sentence run consecutive to sentences imposed by the Franklin County Court of Common Pleas, upon the trial court's finding appellant guilty after she entered a plea of no contest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On December 10, 2004, the Licking County Grand Jury indicted appellant on one count of grand theft, in violation of R.C. 2913.02 (A) (2), a felony of the fourth degree. Appellant entered a plea of not guilty to the charge at her arraignment on December 20, 2004.
 {¶ 3} The charge arose after detectives from the Pataskala Police Department began investigating the theft of monies from several businesses owned by Phil Key. Between December, 2003, and June, 2004, appellant worked as a subcontractor accountant for Mr. Key. Appellant's responsibilities included the physical handling of incoming monies, mainly checks, from lessees and businesses. During this time, appellant deposited ten checks intended for Mr. Key's businesses, and which totaled approximately $12,000, into her personal checking accounts. When questioned by detectives from the Pataskala Police Department, appellant confessed.
 {¶ 4} On March 1, 2005, appellant appeared before the trial court and advised the court she wished to withdraw her former plea of not guilty and enter a plea of no contest to the charge. The trial court conducted a Crim.R. 11 colloquy with appellant, and after accepting appellant's no contest plea, found appellant guilty. The trial court immediately proceeded to sentencing. The trial court imposed a seventeen month sentence, and ordered the sentence be served consecutively to two sentences appellant was currently serving out of Franklin County. The trial court memorialized appellant's conviction and sentence via Judgment Entry filed March 2, 2005.
 {¶ 5} It is from the trial court's sentence appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN IMPOSING A NON-MINIMUM, CONSECUTIVE SENTENCE ON APPELLANT WHERE THE FACTS NECESSARY TO IMPOSE SUCH A SENTENCE HAD NEITHER BEEN PROVEN TO A JURY NOR ADMITTED BY APPELLANT, THEREBY DEPRIVING APPELLANT OF HER RIGHT TO A JURY TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A NON-MINIMUM, CONSECTUVE SENTNECE ON APPELLANT, AS SUCH A SENTENCE IS CONTRARY TO LAW AND IS NOT SUPPORTED BY THE RECORD FROM THE SENTENCING HEARING. R.C. 2953.08."
 I {¶ 8} In her first assignment of error, appellant submits the trial court's imposition of a non-minimum, consecutive sentence violated her constitutional rights to a trial by jury and due process. In support of her decision, appellant cites the United States Supreme Court's recent decision in Blakely v. Washington
(2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 9} We shall first address appellant's argument as it relates to non-minimum sentences.
 {¶ 10} In Blakely, the United States Supreme Court reaffirmed the holding in Apprendi v. New Jersey (200),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, under theSixth Amendment, "`[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Id. at ___, 124 S.Ct. at 2536,159 L.Ed.2d 403, quoting Apprendi, supra, at 490, 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 11} The Blakely Court defined "statutory maximum" not as the longest term the defendant can receive under any circumstances, but as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at ___, 124 S.Ct. at 2537,159 L.Ed.2d 403. The "statutory maximum" for Blakely purposes is the maximum term a trial court can impose without any additional findings, i.e., a prison term supported solely by the jury's verdict or the defendant's admissions. State v. Montgomery,159 Ohio App.3d 752, 755-756, 2005-Ohio-1018.
 {¶ 12} This court has previously held a jury is not required to find the factors set forth in R.C. 2929.13(B)(2) or R.C.2929.14(B) before a judge may impose a prison sentence for the conviction of a third, fourth or fifth degree felony. State v.Iddings (Nov. 8, 2004), Delaware App. No. 2004-CAA-06043, State.Hughett (Nov. 18, 2004), Delaware App. No. 2004-CAA-06051,2004-Ohio-6207; State v. O'Conner (Dec. 3, 2004), Delaware App. No. 2004-CAA-028, 2004-Ohio-6752.
 {¶ 13} We now turn to appellant's argument Blakely is applicable to consecutive sentences. In light of this Court's decision in State v. Small, Delaware App. No. 04CAA04032,2005-Ohio-169, we find Blakely is not applicable to the imposition of consecutive sentences. Accordingly, appellant's assignment of error on this issue is overruled.
 II. {¶ 14} In her Second Assignment of Error, appellant contends that the trial court erred in imposing consecutive sentences and a non-minimum prison term for a felony of the fourth. We disagree.
 Standard of Review {¶ 15} Pursuant to the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a sentence is set forth in R.C. 2953.08. Specifically, 2953.08(A) presently reads:
 {¶ 16} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 17} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 18} "(a) The sentence was imposed for only one offense.
 {¶ 19} "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 {¶ 20} "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B) (1) (a) to (i) of section2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 {¶ 21} "(3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A) (3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A) (3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section2929.14 of the Revised Code. As used in this division, `sexually violent offense' and `sexually violent predator' have the same meanings as in section 2971.01 of the Revised Code.
 {¶ 22} "(4) The sentence is contrary to law.
 {¶ 23} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D) (2) (b) of section 2929.14 of the Revised Code.
 {¶ 24} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D) (3) (b) of section 2929.14 of the Revised Code."
 {¶ 25} Additionally, pursuant to State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, and its progeny, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing when imposing consecutive or maximum sentences.
 Consecutive Sentences {¶ 26} Appellant first challenges the imposition of consecutive sentences. Specifically, the court made the sentence in the case at bar, consecutive to the sentences in Franklin County Case Nos. 04CR7882 and 02CR3035.
 {¶ 27} R.C. 2929.14(E) (4) provides:
 {¶ 28} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 29} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 30} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 31} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 32} In the case sub judice, the trial court made findings under R.C. 2929.14(E) (4), including findings under subsection (a), and (c). (T. at 12-15.) In sentencing appellant to a consecutive sentence, the trial court noted the following:
 {¶ 33} "The Court: In reviewing the facts and circumstances in this case, this being a felony of the fourth degree, the Court determines that the presumption of community control is overcome in this case; that it is necessary to punish the defendant properly and to protect the public, and that community control would not be consistent with the purposes and principles of sentencing. Therefore, the Court would sentence the defendant to 17 months at the Marysville Reformatory; order that the court costs be paid. There will be no credit in this case. She's serving other sentences. Credit will be given in those cases.
 {¶ 34} "The Court does note that the defendant did have a position of trust; as I understand it, committed while she was under court sanctions in Case Number 02 CR 3035 out of Franklin County. The Court would order that this sentence shall be consecutive with the Franklin County cases, Cases 04 CR 7882 and Case Number 02 CR 3035. Consecutive sentences are necessary in this case, again, in order to adequately punish the defendant, to protect the public, and, further, the Court finds that the sentence in this case is not disproportionate to the conduct of the defendant. Further, the Court finds that in this case, the defendant was under court sanctions, and the harm is so great or unusual that a single term would not adequately reflect the seriousness of the conduct of the defendant. Further reasons for consecutive sentences, again, the defendant was in a position of trust." (T. at 17-18).
 {¶ 35} Upon review, we find the trial court met the requirements set forth in the statutes and in the Comer
decision. Accordingly, we find the trial court did not err in ordering appellant's sentence be served consecutive to the Franklin County sentences.
 {¶ 36} We now turn to appellant's argument that the trial court erred in not imposing a minimum sentence for a fourth degree felony.
 Fourth Degree Felony; More than Minimum Term {¶ 37} R.C. 2929.13 reads in pertinent part as follows:
 {¶ 38} "(B) (1) Except as provided in division (B) (2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 39} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 40} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 41} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 42} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 43} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 44} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04,2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or2907.34 of the Revised Code.
 {¶ 45} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 46} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 47} "(i) The offender committed the offense while in possession of a firearm.
 {¶ 48} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 49} "(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
 {¶ 50} Generally, in order to sentence an offender to prison for a fourth or fifth degree felony, the court must: (1) find that at least one of the circumstances in R.C. 2929.13(B)(1) exists; (2) consider the factors set forth in R.C. 2929.12, including the factors affecting the seriousness of the offenses and the potential for recidivism found in R.C. 2929.12(B) through (E); (3) find that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11; and (4) find that the offender is not amenable to available community control sanctions. R.C. 2929.13(B) (2). If the offender has not previously served a prison term the court is directed to consider the minimum prison term unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B).
 {¶ 51} The court based its decision to impose a non-minimum prison sentence in appellant's case in part on the pre-sentence investigation report prepared by the probation department. (T. at 12).
 {¶ 52} Our review of the sentencing hearing transcript in the case sub judice reveals specific findings under R.C. 2929.13(B) (1) (a) through (i), supra.
 {¶ 53} In addition, R.C. 2929.14(B) requires the sentencing court to consider the minimum prison term, if the offender was not in prison at the time of the offense, or has not previously served a prison term, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B) does not require the trial court to give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Carter, Coshocton App. No. 04CA8,2004-Ohio-6365, ¶ 22, citing State v. Edmonson,86 Ohio St.3d 324, syllabus, 1999-Ohio-110.
 {¶ 54} R.C 2953.08 concerns appeals based upon felony sentencing guidelines. Pursuant to R.C. 2953.08 (A) (2) a person who receives a prison sentence for a felony of the fourth or fifth degree may only appeal as of right the imposition of the prison sentence if the "trial court did not specify at sentencing that it found one or more factors specified in division (B) (1) (a) to (i) of Section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of the factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender."
 {¶ 55} In the case sub judice, the trial court made findings under (B) (1) (a) to (i) of Section 2929.13, including findings under subsection (d), (g), and (h). (T. at 18-19).
 {¶ 56} Appellant herein suggests his "more than the minimum" sentences are reversible; however, we find the trial complied with R.C. 2929.14(B) in this regard. See T. at 18-19.
 {¶ 57} Accordingly, we find no merit in appellant's claim that the trial court erroneously sentenced her to prison terms for the fourth degree count, or to "more than minimum" terms on that felony.
 {¶ 58} Appellant's Second Assignment of Error is overruled.
 {¶ 59} The judgment of the Licking County Court of Common Pleas is affirmed.
Gwin, J. and Boggins, P.J. concur.
Hoffman, J. concurs in part; dissents in part.